Brett L. Gibbs, Esq. (SBN 251000)
38 Miller Avenue, #263
Mill Valley, CA 94941
415-341-5318
brett.gibbs@gmail.com

*Former Attorney for Plaintiff-Appellee*
*AF Holdings LLC*

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INGENUITY13 LLC, | No. 13-55882 |
| Plaintiff, | |
| AND | |
| AF HOLDINGS, LLC, | |
| Movant-Appellant. | **MOTION TO WITHDRAW AS COUNSEL OF RECORD** |
| v. | |
| JOHN DOE, | |
| Defendant-Appellee. | |

**TO THE HONORABLE JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT AND TO ALL PARTIES TO THE WITHIN ACTION:**

Brett Langdon Gibbs hereby moves this Court pursuant to Ninth Circuit Local Rule 11(D) to withdraw as counsel of record in the above-captioned matter. This motion is supported by good cause for withdrawal as required by Local Rule 11(B) as laid out below and in the Declaration of Brett Langdon Gibbs attached hereto as Exhibit A (hereinafter "Gibbs Decl."). At this time, per Local Rule 11(D), Mr. Gibbs is unaware of the name and/or address of a substitute counsel. Also, as required by Local Rule 11(D), Mr. Gibbs discloses the name and last known address of the

individual who is the purported CEO of AF Holdings, LLC in the Certificate of Service below. Further, Mr. Gibbs attaches the "Notice of Appeal" filed and signed by Mark Lutz, "Corporate officer for AF Holdings, LLC," as Exhibit B.

Mr. Gibbs has good cause to bring this motion based on several factors. First, he was working as "Of Counsel" to Prenda Law, Inc., and later as in-house counsel employee of Livewire Holdings, LLC, and, in those positions, Mr. Gibbs was the attorney of record for AF Holdings, LLC in some related cases. However, in the underlying lawsuit – i.e. *Ingenuity13 LLC v. Doe*, No. 2:12-cv-8333-ODW(JCx) (C.D. Cal. Filed September 27, 2012) – Mr. Gibbs was never counsel of record for AF Holdings, LLC. (Gibbs Decl. ¶ 2).

Further, Mr. Gibbs does not currently work for Prenda Law, Inc. and/or Livewire Holdings, LLC, and has not since February 28, 2013, the date on which he left these companies. (Gibbs Decl. ¶ 3). His only representation of AF Holdings, LLC was only through these companies. (Gibbs Decl. ¶ 4). AF Holdings, LLC was not Mr. Gibbs' personal client; Mr. Gibbs was only acting on behalf of Prenda Law, Inc. and Livewire Holdings, LLC in his representation. (Gibbs Decl. ¶ 5). When his employment ceased, his representation of AF Holdings, LLC did as well.

Additionally, it appears that the filing clerk assumed that Mr. Gibbs was the appellate attorney for AF Holdings, LLC because this was represented by Mr. Lutz on the representation statement filed in the district court. Mr. Gibbs did not sign the notice of appeal, which was signed by Mark Lutz, and that Mr. Gibbs never entered his appearance in this appeal. (Gibbs Decl. ¶ 6). Instead, it appears that a designation was given to him that he did not agree to accept.

Also, notably, Mr. Gibbs is not being paid by either paid by Prenda Law, Inc., Livewire Holdings, LLC, and/or AF Holdings, LLC (or anyone else for that matter) for the representation of AF Holdings, LLC on appeal. (Gibbs Decl. ¶ 7). He is not being paid and no such fee agreement

exists because he never agreed to be the appellate attorney for AF Holdings, LLC on appeal. (Gibbs Decl. ¶ 8).

Further, considering the sanctions order issued by the district court in *Ingenuity13 LLC v. Doe*, No. 2:12-cv-8333-ODW(JCx) (C.D. Cal. Filed September 27, 2012) where the court ordered joint and several liability to be shared between Mr. Gibbs and AF Holdings, LLC, amongst others, it appears that a clear conflict of interest now exists between Mr. Gibbs and his former client. This clear conflict prevents Mr. Gibbs from effectively representing AF Holdings, LLC under the circumstances.

Next, in an order issued today in the underlying case, the court stated:

> Finally, as a housekeeping matter, the Court requests Brett Gibbs to file requests for withdrawal of attorney in this and the related cases. Brett Gibbs appears to have withdrawn for these cases. (OSC Hr'g Tr. 87—8, Mar. 11, 2013 ("I am no longer employed by Prenda or any other corporation or LLC that is involved in these cases.").) Given the circumstances and the relationship between Gibbs and his *clients*, the Court will approve his requests for withdrawal. *Ingenuity13 LLC v. Doe*, No. 2:12-cv-8333-ODW(JCx) Doc. #164, Pg. 2 (C.D. Cal. Filed September 27, 2012).

It appears that such affirmance from the district court also supports Mr. Gibbs' exit from this case, considering they are essentially the same cases and same considerations are presented.

Lastly, Mr. Gibbs does not want to be the attorney of record on appeal. He hopes that the Court recognizes his inherent right as an attorney to choose his own clients. AF Holdings, LLC has been given written notice of this withdrawal. (Gibbs Decl. ¶ 9).

///

///

///

///

///

For this good cause shown, Mr. Gibbs respectfully requests that this Court grant the instant motion and relieve him as counsel of record for Defendant-Appellant AF Holdings, LLC in this matter.

Respectfully Submitted,

**DATED: May 21, 2013**

By:      /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
38 Miller Avenue, #263
Mill Valley, CA 94941
brett.gibbs@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 21, 2013, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with the Local Rules. The following service of Plaintiff-Appellant AF Holdings, LLC was delivered by mail to the following addresses:

AF Holdings, LLC
C/O Mark Lutz, CEO of AF Holdings, LLC
2100 M. Street Northwest
Suite 170-417
Washington, D.C. 20037

                                                                                                          /s/ Brett L. Gibbs
                                                                                                             Brett L. Gibbs, Esq.